**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**THE NAVIGATORS**
**3820 N. 30th Street**
**Colorado Springs, CO 80904**

**Plaintiff,**

**-v-** **Civil Action No.________________**

**LINDA M. SPRINGER**
**in her official capacity as**
**Director of the United States Office of Personnel Management**
**1900 E Street, N.W.**
**Washington, D.C. 20415-0001,**

**Defendant.**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, by undersigned counsel, respectfully presents this action to declare unlawful and enjoin certain actions of defendant and others acting under her authority (hereinafter, "defendant" shall be deemed to include persons acting under her authority) with regard to the interpretation of regulations related to the Combined Federal Campaign ("CFC") as it applies to plaintiffs. Specifically, as set forth in the averments below, defendant acted without authority and arbitrarily to deny the application of plaintiff, The Navigators, for inclusion as an eligible organization in the 2006 CFC. The actions by defendant violate 5 CFR Part 950, the Administrative Procedure Act ("APA"), 5 U.S.C. secs. 500-706, and the First Amendment.

**Jurisdiction and Venue**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. sec. 1331

(federal question), 28 U.S.C. sec. 1346 (United States as defendant), 28 U.S.C. sec. 1361 (writ of mandamus), and 5 U.S.C. secs. 701-706 (APA).

2. The injunctive and declaratory relief sought herein is authorized in actions arising under the statutes cited above as well as by 28 U.S.C. sec. 2201 (declaratory relief) and 28 U.S.C. sec. 2202 (injunctive relief).

3. Venue is proper in this court pursuant to 28 U.S.C. sec. 1391(e) because the defendant, in her official capacity, resides in this district and all of the actions and omissions complained of herein occurred in this district.

**Parties**

4. Plaintiff The Navigators is a non-profit Colorado corporation which maintains its principal office at the address listed in the caption. The Navigators has been accorded tax-exempt status by the Internal Revenue Service as a charitable organization within the meaning of Internal Revenue Code sec. 501(c)(3).

5. The Navigators provide faith-based services to U.S. military personnel. The Navigators provide Christian counseling and faith-based aid. The organization also works to strengthen the personal and spiritual lives of military personnel and their families through discipleship, Bible studies, leader development, conferences, counseling and group activities. The Navigators was founded in the 1930's and was incorporated in 1943.

6. Defendant is the director of the Office of Personnel Management ("OPM"), an agency of the executive branch of the government of the United States. *Inter alia*, OPM is charged with interpreting regulations (5 C.F.R. Part 950) governing the solicitation of federal

civilian employees, postal employees, and uniformed service personnel for contributions (*via* voluntary payroll deductions and otherwise) to charitable organizations. This procedure is referred to as the "Combined Federal Campaign" ("CFC").

**Background**

7. Christian Service Charities is a tax-exempt, federated group which represents Christian charitable organizations with a statement of faith that are tax-deferred charities. Christian Service Charities organizes and prepares its member charities for effective participation in at-work employee charitable fund drives and other types of fund raising activities. It engages in fund drive application assistance, reviews and certifies charitable agency eligibility documentation, disseminates information about its member charities to the workplace-giving public, organizes member participation in fund drive promotional educational events, represents its members before fund drive organizing or regulatory authorities, and transmits contributions and contributors' names and addresses to recipient charities. Christian Service Charities is an OPM approved national federation eligible to participate in the 2006 CFC on behalf of its member organizations.

8. The Navigators is a member in good standing of Christian Service Charities and has been a member since 1994. It authorized Christian Service Charities to represent it before OPM in connection with the 2006 CFC. National federations such as Christian Service Charities, eligible to participate in the CFC, submit annually to OPM lists of member organizations eligible to participate in the CFC. Individual members of national federations do not submit applications to participate in a particular CFC unless requested to do so by OPM.

9. Federal regulations govern, *inter alia,* criteria to be met by charitable

organizations which seek to be included in the "national list" of organizations eligible to participate in the CFC. Organizations must apply (or reapply, as the case may be) each year for inclusion in the CFC on a form developed by OPM. To be included in the CFC, an applicant (in general) must establish that it is a human health and welfare organization which carries out its program activities in 15 or more different states or one foreign country over the three year period immediately preceding the beginning of the CFC campaign year. See, 5 CFR §950.202, set forth below.

11. OPM promulgated at 5 CFR Part 950 regulations governing, *inter alia*, national list eligibility requirements which pertain to the applications of charitable organizations for inclusion in the CFC. The specific provisions of said regulations in issue are the following:

**§950.202 National List eligibility requirements.**

All organizations seeking national list eligibility must:

> (a) Certify that it [sic] provides or conducts real services, benefits, assistance, or program activities, in 15 or more different states or a foreign country over the 3 year period immediately preceding the start of the year involved. The requirement cannot be met on the sole basis of services provided through an "800" telephone number or by sending materials via the U.S. Postal Service or a combination thereof. A schedule listing those states (minimum 15) or the foreign countries (minimum 1) where the program activities have been provided and a detailed description of the activities in each state or foreign country must be included with the application. While it is not expected that an organization maintain an office in each state or foreign country, a clear showing must be made of the actual services, benefits, assistance or activities provided in each state or foreign country.

**Chronology and Summary of Events**

12. On or about January 31, 2006, Christian Service Charities submitted its list of

eligible member organizations certified for participation in the 2006 CFC. The Navigators was included among the eligible member organizations.

13. On or about February 4, 2006, the defendant requested from Christian Service Charities a copy of The Navigator's application to participate in the 2006 CFC. Christian Service Charities submitted to defendant The Navigator's 2006 CFC application. In its application, The Navigators described in detail activities undertaken in thirty-four states, summarized below. (See **Exhibit A**, attached hereto, and included as "Attachment A" to The Navigators' 2006 CFC Application.)

14. Attachment A described services provided by The Navigators from 2004-2005. These services were provided in thirty-four states and thirteen countries with military installations. In each state, these services are provided in anywhere from one to thirteen military bases. Under each state or foreign country The Navigators listed the number of military personnel and families serviced. The Navigators provided services to over 27,000 individuals in the United States and 5,000 individuals abroad. These services fall under seven basic categories, with all services being focused on military personnel and their families. The categories of services include: counseling, education/training, mentoring, parenting support for mothers, professional mentoring, recreation and religious missions.

15. In the category of counseling, services were provided for spiritual, personal, relationship and social issues with an emphasis of the military person as a whole. Education and training in spiritual, personal, financial, social and professional areas was provided using one-on-one training, group interaction, seminars, conferences, and workshops. Mentoring was provided to develop leadership capabilities and maintain a responsible lifestyle. Parenting support for

mothers was provided as support for being part of the military, an unusually mobile environment. Professional mentoring was provided as career counseling to personnel in various stages of a military career. Recreation opportunities were provided as part of an overall ministry to military personnel and families. In the last category of services, religious missions offered opportunities to participate in mission projects that were mainly community service-oriented or instructional. (See Exhibit A).

16. On May 4, 2006, Defendant, acting through Mara T. Patermaster, Director, Office of CFC Operations, denied The Navigators' application because it allegedly "did not include sufficient information to support a claim that the organization provided or conducted real services, benefits, assistance, or program activities in 15 or more different states of a foreign country over the three-year period immediately preceding January 2006." (See **Exhibit B** attached hereto.) The letter from Ms. Patermaster afforded The Navigators an opportunity to file an appeal with Dan G. Blair, Deputy Director of OPM ("Mr. Blair"). The letter stated further: "Your appeal need only respond to the deficiencies described in Attachment One."

17. By letter, dated May 18, 2006, Christian Service Charities, on behalf of The Navigators, appealed the initial denial of The Navigators' application to participate in the 2006 CFC. (See **Exhibit C** attached hereto.) The appeal asserted OPM did not adequately review Attachment A to The Navigators' application (Exhibit A hereto). The appeal included Attachment A of The Navigators' application, which listed services provided in thirty-four states during the period from September 1, 2004 to August 31, 2005. The same information was provided for thirteen foreign countries where military personnel are stationed.

18. By letter dated July 21, 2006, (**Exhibit D** hereto) Defendant, through OPM Deputy

Director Blair, sustained the decision to deny The Navigators' application. Mr. Blair offered no further information; the letter simply states that the decision regarding The Navigators is sustained. The letter is final for administrative purposes for the 2006 CFC.

19. Counsel acting on behalf of Christian Service Charities, acting on behalf of the Navigators, requested a meeting with Mr. Blair to discuss the administrative appeals. On July 25, 2006, this request was denied by letter. (**Exhibit E** hereto).

20. On or about July 31, 2006, OPM will have completed the 2006 National/International List of Participating Agencies to be posted on the OPM web site. Sometime shortly after July 31, 2006, OPM will distribute to local combined federal campaigns the National List of charitable organizations included in the 2006 CFC. (See, CFC schedule attached hereto as **Exhibit F**). Upon information and belief, after July 31, 2006, the local combined federal campaigns will commence printing brochures for distribution to federal employees on or about September 1, 2006. These brochures contain both National List charities and local charities.

21. Despite receiving The Navigators' appeal on or about May 8, 2006, OPM did not respond until the letter of July 21, 2006, which was received on July 26, 2006, shortly before the National List is finalized. This gives The Navigators only a short period to retain counsel and prepare pleadings, resulting in significant hardship to The Navigators.

22. If The Navigators is not included on the National List, it will suffer irreparable injury, including, but not limited to, being deprived of contributions which it otherwise would have received, as well as being deprived of the opportunity to recruit volunteers to support its programs.

**Cause of Action**

(Judicial Review of Agency Action Pursuant to 5 U.S.C. §701, et seq.)

23. The allegations of paragraphs 1 to 22 are incorporated as though fully set forth here.

24. Defendant has acted without authority and in an arbitrary and capricious manner and in violation of The Navigators' First Amendment rights, in interpreting the regulations and applying them to The Navigators, in the following respects:

A. Section 950.202 (a) requires the applicant to submit a schedule of a minimum of 15 states or one foreign country where the applicant conducts "real services, benefits, assistance or program activities." The applicant is required to demonstrate that it provides "actual services, benefits, assistance or activities" in these states or in one or more foreign countries. An applicant is not required to maintain an office in each state or foreign country where it conducts its activities. Neither "real services, benefits, assistance or program activities" nor "actual services, benefits, assistance or activities" is defined in the regulations and such terms are vague and lack the necessary specificity in violation of the First Amendment.

B. In spite of the constitutional infirmity of Section 950.202(a), The Navigators complied with the requirements of this regulation, nevertheless. The Navigators set forth in Attachment A to its application the actual services, benefits, assistance, and activities it carried out in thirty-four states and thirteen foreign countries during the three year period preceding the submission of its application. (See paragraphs 13-15 above.)Providing spiritual counseling and services to military personnel and their families is the primary mission of The Navigators. Attachment A clearly identified those states where these services were provided and

the years when they occurred.[1] These disclosures constitute "a clear showing" and "detailed description" of the "actual services, benefits, assistance or activities provided."

C. In 2006, Christian Service Charities submitted its list of eligible member organizations certified for participation in the 2006 CFC. The Navigators was included among the eligible member organizations. Christian Services Charities was selected for a full review in 2006 and it submitted the applications of about sixty-five organizations for the 2006 CFC campaign. Many of these applications were substantially similar. However, some of the applications were approved and others were not. The defendant provided no explanation of the denial of The Navigators' application, which demonstrated substantial service programs throughout the world. The defendant was inconsistent and arbitrary in the denial of The Navigators' application.

D. Moreover, the defendant failed to detail the reasons for the denial of The Navigators' application. By not detailing the reasons for its denial of The Navigators' 2006 CFC application, the defendant has effectively denied the organization an adequate appeal process. The Navigators has been denied its due process appeal rights under 5 C.F.R. §950.

25. Defendant's denial of The Navigators' application was arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. §501 *et seq*. and violated The Navigators' First Amendment rights.

26. Defendant's interpretation of the regulations was similarly arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. §501 *et seq*. and violated The

---

[1] Attachment A states that the services were provided in 2004-2005. This is because The Navigators' fiscal year runs from September 1, 2004 though August 31, 2005. The Navigators has existed and provided services since the 1930's.

Navigators' First Amendment rights.

**Request for Relief**

27. Wherefore, premises considered, plaintiffs respectfully request the following relief:

A. A temporary restraining order preventing defendant from excluding The Navigators from the 2006 CFC pending a hearing on the merits by this court;

B. A preliminary injunction, in the nature of mandamus, requiring defendant to include The Navigators in the 2006 CFC;

C. A permanent injunction, in the nature of mandamus, requiring defendant to include The Navigators in the 2006 CFC;

D. A declaratory judgment that defendant erred in denying The Navigators' application for inclusion in the 2006 CFC and that defendant acted arbitrarily and capriciously in violation of the APA.

E. Such other and further relief and remedies as may be proper and serve the interests of justice; and,

F. An award in such monetary amount as may reimburse plaintiffs for the legal fees and costs incurred by plaintiffs as a result of defendant's actions and omissions, as set forth herein.

Respectfully submitted,

/s/ ______________________________

Bernard J. DiMuro, Esq. (D.C. Bar #393020)
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314
(703) 684-4333
(703) 548-3181 (facsimile)

Noland MacKenzie Canter, III (D.C. Bar #93616)
Mark J. Diskin (D.C. Bar #334086)
Copilevitz & Canter, LLC
1900 L Street, N.W., Suite 215
Washington, D.C. 20036

*Counsel for Plaintiff*

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 26, 2006.

By: /s/______________________________________
Title: